**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**ROGER D. MOSBY**                                                                 **PLAINTIFF**
**ADC #63018**

v.                                  **CASE NO. 5:12CV00459 BSM**

**RAY HOBBS,** *et al.*                                                              **DEFENDANTS**

## ORDER

*Pro se* plaintiff Roger Mosby's third motion for reconsideration [Doc. No. 32] of the order and judgment dismissing his case for failure to pay the statutory filing fee is denied.

In his motion, Mosby raises three arguments in support of reconsideration. First, Mosby contends he was improperly denied *in forma pauperis* status without consideration of whether he qualified for the "imminent danger" exception to the three strike rule, 28 U.S.C. § 1915(g). This argument fails because the order denying Mosby *in forma pauperis* status expressly considered that issue, stating: "Although Mr. Mosby claims that he is in 'imminent danger' of 'bodily harm,' there are no facts in this case to support such a finding." [Doc. No. 3]. Second, Mosby argues he should be permitted to amend his complaint "as a matter of law." This argument fails because this case has been dismissed. Any amendment to the complaint can be considered only after Mosby files a motion to re-open the case and pays the statutory filing fee.

Mosby's third argument for reconsideration is that as an indigent prisoner, he cannot be denied access to the federal court system by virtue of his indigence. This argument, in effect, challenges the constitutionality of the Prison Litigation Reform Act's three-strike rule,

which prevents a prisoner, such as Mosby, from proceeding *in forma pauperis* if he has had three or more actions dismissed for frivolousness, maliciousness, or for failing to state a claim. 28 U.S.C. § 1915(g). This provision has been consistently upheld against constitutional challenges identical to that raised by Mosby, as courts recognize the PLRA's legitimate goal of deterring frivolous prisoner litigation and preventing the resulting abuse on the federal judicial system and waste of judicial resources. *Roller v. Gunn*, 107 F.3d 227, 230-31, 233 (4th Cir.1997). The rationale for upholding the PLRA is that:

> requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state. Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system. If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, "he has demonstrated an implied evaluation of that suit" that the courts should be entitled to honor.

*Murray v. Dosal*, 150 F.3d 814, 818 (8th Cir. 1998) (quoting *Roller*, 107 F.3d at 233).

Mosby is a well established three strike offender and without question a part of the problem the PLRA is intended to redress. He has been repeatedly informed that this case has been dismissed, and that if he wishes to prosecute his claims, he must file a motion to re-open the case and pay the statutory filing fee. Instead of complying with these instructions, Mosby has persistently continued to file frivolous or incomprehensible pleadings, thereby causing the unnecessary expenditure of judicial resources that could otherwise be devoted to merited claims filed by parties who have paid the statutory filing fee. *See Roller*, 107 F.3d at 233 (observing that "prisoner litigation has assumed something of the nature of a 'recreational

activity'" given that prisoners are "provided with free paper, postage, and legal assistance" and "often have free time on their hands that other litigants do not possess"). Indeed, the time spent reviewing Mosby's case could be spent reviewing the cases of prisoners who actually have legitimate cases.

This pattern of continuing to file pleadings in contravention of court instructions stops today. From this point forward, the clerk's office is instructed to return to Mosby any document he submits until the statutory filing fee has been paid in full.

IT IS THEREFORE ORDERED THAT:

1. Mosby's third motion for reconsideration [Doc. No. 32] is denied.

2. Effective today, **the clerk's office is instructed to return any document submitted by Mosby, instead of filing it for docketing, until Mosby has paid the full statutory filing fee.**

Dated this 5th day of June 2013.

_____
UNITED STATES DISTRICT JUDGE